**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Richard Mason,

   Plaintiff,

v.                                                                  **JURY TRIAL DEMANDED**

Capital One Bank (USA), N.A.,

   Defendant.

_____/

## COMPLAINT

1.      Plaintiff, Richard Mason, brings this action against Defendant, Capital One Bank (USA), N.A. ("Capital One" or "Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Florida Consumer Collection Practices Act ("FCCPA"), §§, 559.55, et seq.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff is a natural person who, at all times relevant to this action, was a citizen of Miami-Dade County, Florida.

3.      Defendant, Capital One, is a national bank with its headquarters and principal place of business located in McLean, Virginia. Capital One is engaged in the business of issuing debit cards and credit cards for use by its customers across the United States including in the state of Florida.

4.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.  This Court has jurisdiction over the state law claim under 28 U.S.C.S. § 1367(a), because it has original jurisdiction over the TCPA claim and the FCCPA claim are so related to the TCPA claim that it forms the same case or controversy.

5.      Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and Defendant's acts in making the calls at issues in this case have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## THE TCPA

6.      The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A). Consent may be revoked even once it is given.

7.      The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

8.      In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice."  *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

9.      The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone*

*Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

10.     A defendant in a TCPA case must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

11.     As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## FACTS

12.     Plaintiff holds a Capital One credit card that he uses for personal and household expenses.

13.     In March of 2018, Plaintiff began receiving calls to his cellular telephone number ending in 4675 (the "4675 Number") seeking to collect the credit card debt.

14.     Plaintiff is the subscriber and sole user of the 4675 Number, and is financially responsible for phone service to the 4675 Number.

15.     On April 3, 2018, Plaintiff contacted Capital One by telephone requesting that Capital One no longer call him and that it only communicate through mail correspondence.

16.     Several days passed and Plaintiff began receiving auto-dialed calls from Capital One.

17.     Plaintiff called the number back to confirm the identity of the caller, and each time there was a silence for approximately two seconds followed by an automated message that said, "thanks for

calling Capital one, say or enter the last 4 digits of your card number," thus confirming that the auto-dialed calls were coming from Capital One.

18.      Exasperated from the incessant auto-dialed calls, Plaintiff blocked the number that the auto-dialed calls were coming from. This strategy did not work as Plaintiff's voicemail box began to fill up with Capital One's auto-dialed calls.

19.      The voicemail messages from Capital One are designed to sound like a real person, a woman named Lisa. However, they are actually a prerecorded automated recording mimicking a real person, and not a live human being.

20.      Frustrated that his request not to be called only resulted in auto-dialed calls, and blocking Capital One's number only resulted in his voicemail box being filled up with prerecorded messages, Plaintiff sent Capital One a letter via certified mail on May 7, 2018 requesting that Capital One cease and desist from calling his phone number or any other number that Capital One may have in its records ("Cease and Desist Letter").

21.      After the Cease and Desist Letter, the auto-dialed calls continued unabated. To date, Plaintiff has received at least 40 auto-dialed calls since he revoked consent—to the extent valid consent had ever been given—for Capital One to Call his cellular telephone on April 3, 2018.

22.      In making the calls and sending prerecorded voicemail messages to Plaintiff, Defendant utilized equipment that has the capacity store telephone numbers using a random or sequential generator, or to dial such numbers.  The equipment also has the capacity to dial telephone numbers from a list of numbers without human intervention.  Defendant's harassing calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion, and filling his voicemail box to capacity preventing him from using his phone for its desired purpose of communicating with friends and business associates unless he took his time to listen to Defendant's voicemails and delete them. Defendant's calls also inconvenienced Plaintiff and caused disruption to his daily life.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)

23.     Plaintiff re-alleges and incorporates paragraphs numbered 1–29 as if fully set forth herein.

24.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

25.     "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." *See, e.g., Hicks v. Client Servs., Inc.*, No. 07-61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07–232, ¶ 12, n.23 (2007)).

26.     Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephone of Plaintiff and to play a prerecorded message when Plaintiff answered the calls or the calls were sent to his voicemail.

27.     These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls or whether consent had been revoked if it had been given.

28.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phone of Plaintiff and to play a prerecorded message when the calls were answered either by Plaintiff or his voicemail without Plaintiff's prior express consent and after any consent that had arguably been given was expressly revoked.

29.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each call made in violation of the TCPA. Plaintiff is also entitled to an injunction against future calls. *Id*.

**WHEREFORE**, Plaintiff, Richard Mason, prays for the following relief:

a.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

a.  An injunction prohibiting Defendant from using an automatic telephone dialing system to call Plaintiff's cellular telephone or to call Plaintiff's cellular phone using a prerecorded message without Plaintiff's prior express consent;

c.  An award of actual and statutory damages; and

d.  Such further and other relief the Court deems reasonable and just.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)

30.     Plaintiff re-alleges and reincorporates paragraphs 1–36 as if fully set forth herein.

31.     At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

32.     Defendant knew that it did not have prior express consent to make these calls, certainly knew that it did not have express written consent after Plaintiff twice revoked any consent that had purportedly been given, once over the phone and once in writing. Thus, Defendant knew or should have known that its conduct was a violation of the TCPA.

33.     Because Defendant's violations of the TCPA were done willfully or knowingly, the Court should treble the amount of statutory damages available to Plaintiff pursuant to § 227(b)(3)(C) of the TCPA.

34.     As a result of Defendant's violations, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, Richard Mason, prays for the following relief:

   a.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

   b.  An award of actual and treble statutory damages up to $1,5000.00 per call; and

   c.  Such further and other relief the Court deems reasonable and just.

## COUNT III
## Violation of the FCCPA, § 559.72

35.     Plaintiff re-alleges and reincorporates paragraphs 1–29 as if fully set forth herein.

36.     "In collecting consumer debts, no person shall: . . . Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." § 559.72(7), Fla. Stat.

37.     Section 559.77 of the Florida Statutes creates a private right of action for any person who fails to comply with any provision of section 559.72.

38.     "No definitive threshold has been set to determine what frequency or volume of calls violates the FCCPA, but 'courts generally have held that one or two phone calls per day are not sufficient . . . absent evidence of other egregious conduct associated with the calls.'" *Miller v. Ginny's Inc.*, 287 F. Supp. 3d 1324, 1330 (M.D. Fla. 2017) (alteration in original) (quoting *Wolhuter v. Carrington Mortg. Servs.*, LLC, No. 8:15-cv-552-MSS-TBM, 2015 U.S. Dist. LEXIS 184818, 2015 WL 12819153, at *3 (M.D. Fla. Oct. 28, 2015)). Continually contacting a debtor who has requested that calls stop after reasonable attempts at negotiation have failed crosses this

line because "the communication 'can reasonably be expected to harass the debtor' and 'tends only to exhaust the resisting debtor's will.'" *Miller v. Ginny's Inc.*, 287 F. Supp. 3d 1324, 1331 (M.D. Fla. 2017) (quoting *Story v. J. M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. 1st DCA 1977)).

39.     For slightly more than a month, Defendant called Plaintiff's cellular phone at least once daily, and on occasion more than once daily.  All of these calls occurred after Plaintiff orally demanded that Capital One not call him anymore, and more than half of the calls occurred after Plaintiff followed up with a letter demanding that Defendant cease calling him. Interestingly, the auto-dialed calls did not begin until after Plaintiff demanded that Capital One not call him.

40.     Because Defendant called Plaintiff on a daily, and sometimes more than daily basis, after reasonable attempts at negotiation and persuasion had failed and Plaintiff twice demanded that Defendant cease calling him, Defendant's made calls made with such frequency as can reasonably be expected to harass the debtor or willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor.

41.     Defendant's actions were willful, malicious, intentional and knowing, and in gross or reckless disregard of the rights of the Plaintiff.

42.     Defendant's actions have directly and proximately resulted in Plaintiff's sustaining actual damages including, but not limited to: emotional pain and suffering, anger, fear, worry, embarrassment, humiliation, loss of the capacity for enjoyment of life, and harassment.

**WHEREFORE**, Plaintiff, Richard Mason, prays for the following relief:

a.   A declaration that Defendant's practices described herein violate the Florida Consumer Collection Practices Act, § 559.72(7);

b.   An award of actual and statutory damages pursuant to § 559.77(2);

c.   Punitive damages pursuant to § 559.77(2);

d.   Costs and Attorney's fees pursuant to § 559.77(2); and

e.   Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: June 26, 2018

| | |
|---|---|
| **KOPELOWITZ OSTROW** | **SHAMIS & GENTILE, P.A.** |
| **FERGUSON WEISELBERG GILBERT** | Andrew J. Shamis |
| /s/ *Scott A. Edelsberg* | Florida Bar No. 101754 |
| Jeff Ostrow, Esq. | ashamis@shamisgentile.com |
| Florida Bar No. 121452 | 14 NE 1st Avenue, Suite 400 |
| ostrow@kolawyers.com | Miami, Florida  33132 |
| Josh Levine, Esq | Telephone: 305-479-2299 |
| Florida Bar No. 91807 | |
| levine@kolawyers.com | |
| Scott A. Edelsberg, Esq. | |
| Florida Bar No. 100537 | |
| edelsberg@kolawyers.com | |
| 1 W. Las Olas Blvd. | |
| Suite 500 | |
| Fort Lauderdale, Florida 33301 | |
| Telephone: 954-449-4602 | |
| *Counsel for Plaintiff* | |